# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8694 | **DATE** | 12/13/12 |
| **CASE TITLE** | Larry Banks (#B-42423) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to proceed *in forma pauperis* [#8] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $18.50 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. However, summonses shall not issue at this time. The plaintiff is granted thirty days in which to submit a third amended complaint (plus a judge's copy and service copies). Failure to submit a third amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by retaliating against him and by using excessive force against him.

The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $18.50. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, the plaintiff must submit a third an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the third amended complaint). The second amended complaint suffers from the same defects as previous pleadings. Because the rambling second amended complaint is peppered with incomplete sentences and legal phrases, it is not entirely clear what claims are being raised.

The court does not want or expect the plaintiff to use "legalese" or to write like a lawyer. To the contrary, randomly inserting legal terms and legal conclusions will only make the third amended complaint incomprehensible. In addition, omitting line spaces and margins will make court documents difficult to read. All that is required under federal notice pleading is a brief statement as to how each named defendant allegedly wronged the plaintiff, and on what date. The plaintiff should write in plain English, using complete sentences rather than incomplete phrases and sentence fragments. The plaintiff is urged to use only the space and margins provided, and to state only the basic facts underlying his claims. It is in the plaintiff's best interests to make his third amended complaint as easy as possible to read and to understand.

For the foregoing reasons, the court dismisses the second amended complaint without prejudice. The plaintiff is granted thirty days in which to submit a third amended complaint on the court's required form. The plaintiff should either type or neatly print his third amended complaint. Again, the plaintiff should set forth the basic facts, preferentially in chronological order (i.e., including dates), and should use complete sentences. The plaintiff should briefly describe what each named defendant allegedly did to wrong him. Incomplete sentences and legal buzzwords will only serve to muddy the plaintiff's claims.

The plaintiff must write both the case number and the judge's name on the third amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the third amended complaint. The plaintiff is cautioned that an amended pleading supersedes prior pleadings and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the third amended complaint, without reference to prior pleadings. Any exhibits the plaintiff wants the court to consider in its threshold review of the third amended complaint must be attached, and each copy of the third amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must submit a third amended complaint, plus judge's and service copies, setting forth the basic facts. The clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.