Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8694 | **DATE** | January 8, 2013 |
| **CASE TITLE** | Larry Banks (#B-42423) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his third amended complaint [#10]. However, on the court's own motion, Sheriff Tom Dart is dismissed as a defendant pursuant to 28 U.S.C. § 1915A, along with the plaintiff's retaliation and failure-to-punish claims. The clerk is directed to: (1) file the third amended complaint; (2) terminate Sheriff Dart as a defendant; (3) issue summonses for service of the third amended complaint on defendants Harris[on], Daitt, and Nanos; and (4) mail the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

    The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by failing to intervene when other officers used unjustified force against him; he additionally contends that the defendants threatened to retaliate against him when he attempted to file a grievance against the officers in question. The plaintiff has submitted a third amended complaint, as directed. *See* Minute Order of December 13, 2012.

    Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the third amended complaint states a colorable cause of action under the Civil Rights Act against defendants Harris (sometimes referred to as Harrison), Daitt, and Nanos. If those individuals stood by and watched without intervening while fellow officers resorted to excessive force against the plaintiff, then they may be liable under 42 U.S.C. § 1983. A correctional official has an affirmative obligation to intervene if he or she has a reasonable opportunity to do so while a fellow officer is committing a constitutional violation. *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the third amended complaint.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, the plaintiff has not stated a cause of action against defendant Dart. The plaintiff has alleged no facts suggesting Sheriff Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Because the plaintiff has failed to offer any facts alleging that Dart was personally involved in–or even aware of–the events giving rise to this action, Dart is dismissed as a defendant in this matter.

The plaintiff's "retaliation" claim is likewise dismissed on initial review. Although the plaintiff alleges that the defendants threatened him when he attempted to file a grievance, he does not indicate that any of the defendants followed through on their purported threats. Verbal harassment, while unacceptable and unprofessional, does not rise to the level of a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Simply using the legal buzzword "retaliation" is insufficient to state a claim. *See, e.g., Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (the court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

Nor can the plaintiff sue the defendants for failing to discipline the officers who allegedly used excessive force. The Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). As the plaintiff had no constitutional right to see the officers punished, that claim is not actionable under 42 U.S.C. § 1983. The plaintiff may proceed only on his claim that the defendants failed to intervene.

The clerk shall issue summonses for service of the third amended complaint on defendants Harris, Daitt, and Nanos. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.
**(CONTINUED)**

**STATEMENT (continued)**

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.