UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Larry Banks (#B-42423),** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 12 C 8694 |
| | ) | |
| vs. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **Tom Dart, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that the defendants, officials at the Cook County Jail, violated his constitutional rights by failing to intervene when other officers used excessive force against him. This matter is before the Court for ruling on defendants' motion for summary judgment. For the reasons stated in this order, the motion is granted. The third amended complaint is dismissed for failure to finalize the administrative exhaustion process prior to filing suit. In the alternative, the Court grants summary judgment in favor of defendants on the merits. The case is terminated.

### Local Rule 56.1

Together with their motion for summary judgment, defendants included a "Local Rule 56.2 Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" [Dkt. 63], as required by circuit precedent. That notice explained in detail the requirements of the Local Rules governing summary judgment and warned plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *Id.; see, e.g., Apex*

*Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Moreover, this Court has admonished plaintiff twice in the last year about summary judgment requirements in connection with two other cases. (*See* 2/18/14 Mem. Opinion & Order at 2, *Banks v. Dart*, No. 12 C 4333 (N.D. Ill.); 10/1/13 Mem. Opinion & Order at 1, *Banks v. Dart*, No. 12 C 4334 (N.D. Ill.)). Given plaintiff's failure to respond to defendants' statement of facts, the Court deems the facts asserted in it, all of which are supported by the record, to be undisputed.

**Background**

Plaintiff, currently an Illinois state prisoner, was a pretrial detainee at the Cook County Jail at the time of the events giving rise to this lawsuit. (Defs.' Stmt. Facts ¶ 2.) Defendants, Commander Katie Harris, Lieutenant Robert Dartt (sued as "Daitt"), and Sergeant Steve Nanos, were correctional officers at the jail at all times relevant to this action. (*Id.* ¶ 9.)

In March 2012, plaintiff filed a lawsuit, *Banks v. Dart*, No. 12 C 1636 (N.D. Ill.), alleging that correctional officers had used excessive force against him on December 13, 2011. This Court ultimately granted defendants' motion for summary judgment because plaintiff had failed to exhaust administrative remedies before filing suit. (*See* 3/18/14 Order, *Banks*, No. 12 C 1636.) The Seventh Circuit dismissed plaintiff's ensuing appeal for failure to pay the required docketing fees. (*See* PLRA C.R. 3(b) Final Order, *Banks v. Dart*, No. 14-1778 (7th Cir. Jun. 9, 2014).) None of the defendants named in this suit was present during the December 13, 2011 incident. (Defs.' Stmt. Facts ¶¶ 28-30.)

In June 2012, plaintiff filed another lawsuit, *Banks v. Dart*, 12 C 4334 (N.D. Ill.), alleging that, on December 15, 2011, another group of correctional officers had used excessive force

against him and denied him access to medical care for his injuries. The Court granted summary judgment in favor of defendants in that suit as well because plaintiff had not exhausted administrative remedies, and even if he had, the case would fail on the merits. (*See* 10/1/13 Mem. Opinion & Order, *Banks*, No. 12 C 4334.) Again, the Court of Appeals dismissed plaintiff's appeal for failure to pay the required docketing fees. (*See* PLRA C.R. 3(b) Final Order, *Banks v. Dart*, No. 13-3404 (7th Cir. Feb. 11, 2014).)

In October 2012, plaintiff filed this suit, alleging that the defendants failed to intervene in the purported uses of excessive force alleged in Case Nos. 12 C 1636 and 12 C 4334.[1]

The events giving rise to this civil rights action took place on December 13, 2011, and December 15, 2011.[2] The parties do not dispute that plaintiff and correctional officers had confrontations on both of these dates, and that the conflicts resulted in the release of pepper spray and/or some degree of physical violence. (*See* 3/18/14 Order at 2, *Banks*, No. 12 C 1636; 10/1/13 Mem. Opinion & Order 3-4, *Banks*, No. 12 C 4334, at 3-4.)

Plaintiff submitted three grievances alleging staff misconduct with respect to the December 13, 2011 incident, and all three grievances were denied on the grounds that the use of force was justified. (*See* Defs.' Grp. Ex. D; Defs.' Stmt. Facts, ¶¶ 20, 21, 22.) Plaintiff never appealed the denials of those grievances. (Defs.' Stmt. Facts, ¶ 9; *see* 3/18/14 Order at 2-3, *Banks*, No. 12 C 1636.)

---

[1]In his third amended complaint, plaintiff also asserted a retaliation claim against defendant Daitt. However, the Court dismissed that claim on preliminary review. (*See* 1/8/13 Minute Order.)

[2]Plaintiff expressly disavows a claim based on the events of November 27, 2011. (*See* Pl.'s Dep. at 24, 27.)

In January 2012, plaintiff submitted additional documents to the Jail administration concerning the events of December 13, 2011. (Defs.' Stmt. Facts, ¶ 24; *see* 3/18/14 Order at 3, *Banks*, No. 12 C 1636.) Correctional officials declined to process these materials as grievances because plaintiff had failed to submit them within the fifteen-day time period required by jail rules. (*Id.*)

About a month after the December 15, 2011 incident, plaintiff filed a grievance about it, but did not file an appeal after receiving an unfavorable response to it. (*See* 10/1/13 Mem. Opinion & Order at 7, *Banks*, No. 12 C 4334.) Plaintiff submitted a second grievance later that month, but correctional officials rejected it as untimely. (*Id.*)

## Discussion

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial. *Kampmier v.*

*Emeritus Corp.*, 472 F.3d 930, 936-937 (7th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "'A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

Defendants have demonstrated that plaintiff filed this suit without exhausting administrative remedies as required by the Prison Litigation Reform Act of 1996. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *see Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011); *Jones v. Bock*, 549 U.S. 199, 204 (2007). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Howard v. Maselko*, No. 11 C 9278, 2013 WL 1707955, at *2 (N.D. Ill. Apr. 19, 2013). The defendants bear the burden of pleading and proving failure to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (citing *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006)).

A Cook County Jail inmate is required to submit a grievance in a designated lockbox within fifteen days of an incident. *Stallings v. Cook Cnty.*, No. 11 C 7349, 2013 WL 3669623, at *4 (N.D. Ill. July 12, 2013). The grievances are picked up daily by a Correctional Rehabilitation Worker ("CRW"), who must address the grievance within thirty days. *Id*. If dissatisfied with the CRW's response, the inmate must submit an appeal, which completes the grievance process. *Id*.

However, not all inmate complaints are "formal" grievances that go through the above process. *Junious v. Godinez*, No. 09 C 2415, 2010 WL 335337, at *2 (N.D. Ill. Jan. 25, 2010). Rather than filing a grievance, an inmate may choose to file a "request." *Id*. Requests are not part of the grievance process, are not given a grievance tracking number, and cannot be appealed. *Id*. Thus, if the inmate is dissatisfied with a response to a request, he must then file a formal grievance. *Id*.

The record here establishes that plaintiff failed to complete the administrative exhaustion process. As defendants have properly detailed in three different lawsuits, plaintiff submitted a number of grievances with respect to the December 2011 incidents, but there is no evidence whatsoever that he ever properly appealed any of them. Because the undisputed evidence shows that plaintiff failed to exhaust his administrative remedies with respect to the December 2011 incidents, defendants are entitled to judgement on his claims.

Moreover, even if plaintiff had exhausted administrative remedies, any failure-to-intervene claim relating to the events of December 13, and 15, 2011 would fail on the merits.[3] First, it is undisputed that defendants were not present during the December 13, 2011 incident, and thus cannot be liable for failing to intervene in it. Second, the Court held that the plaintiff had no triable excessive force claim against defendants with respect to the December 15, 2011 incident, and thus any failure-to-intervene claim based on that incident fails. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that

---

[3]Normally**,** the discussion would end with the finding on exhaustion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (stating that district court generally lacks discretion to resolve a non-exhausted claim on its substantive merits). However, this is one of those case in which, "in the interests of judicial economy and finality," it sometimes makes "perfect sense for the district court to address the merits of the case." *Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 793 (7th Cir. 2013).

there must exist an underlying constitutional violation . . . ."). Thus, even if exhaustion were not a bar, plaintiff's claims would still fail.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [#60] is granted and this case is terminated.

If the plaintiff wishes to appeal this final judgment, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the Court of Appeals may assess a "strike." Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**SO ORDERED.**                                            ENTERED: November 18, 2014

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN
United States District Judge**